IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL O. ROBERTSON                                                                        PLAINTIFF
#106563

v.                                      4:21-cv-00976-LPR-JJV

ERIC S. HIGGINS, Sheriff, Pulaski County; and
LEO DOE, Commissary                                                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.   DISCUSSION**

Michael O. Robertson ("Plaintiff") is a pretrial detainee at the Pulaski County Detention Facility. He has filed a *pro se* Amended Complaint, an Addendum, and an Affidavit bringing constitutional claims pursuant to 42 U.S.C. § 1983. (Docs. Nos. 13-15.) After careful consideration and for the following reasons, I recommend the case be dismissed without prejudice

1

for failing to state a claim upon which relief may be granted.[1]

Plaintiff says he has not received "I care bags" or money his family sent to the Pulaski County Detention Facility. (*Id*.) He believes Defendants Sheriff Eric S. Higgins and Leo Doe from the commissary are responsible. (*Id*.) A prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property as long as the State provides a post-deprivation remedy to address the property loss. *Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Arkansas provides such a post-deprivation remedy by allowing Plaintiff to file a conversion action, in state court, against the individuals who took his money and personal properly. Because Plaintiff has an adequate post-deprivation remedy available to him in state court, he has not pled a plausible due process claim. *See Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision).

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Amended Complaint (Doc. No. 13) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.   Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 1st day of December 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."